UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DANIEL DUWE and MARY DUWE
1986 River Vista Drive
Mosinee, WI 54455

                        Plaintiffs,

THOMAS E. PRICE
Secretary of the Department of
Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

                        Involuntary Plaintiff,

v.

RUST-OLEUM CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

ABC INSURANCE COMPANY

BALL CORPORATION
c/o Its Registered Agent CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

DEF INSURANCE COMPANY

                        Defendants.

**COMPLAINT**
Case No.:   19-cv-394
Case Code:  30107-Personal Injury-Other
            30100-Product Liability
**CLAIM IN EXCESS OF $75,000**

---

Plaintiffs, Daniel Duwe and Mary Duwe, complain of defendants as follows:

1. Plaintiffs, Daniel Duwe and Mary Duwe, are married adult citizens of the State of Wisconsin residing at 1986 River Vista Drive, Mosinee, Wisconsin.

1

2. Involuntary Plaintiff, Thomas E. Price, Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program. Upon information and belief, the Medicare program paid health claims on behalf of Plaintiff, Daniel Duwe, for medical care and services rendered as a result of the incident that is the subject of this case. Pursuant to 42 U.S.C. Section 1395y(b)(2), Medicare may be entitled to reimbursement for related paid claims if Plaintiff recovers through settlement or judgement against a third-party.

3. Defendant Rust-Oleum Corporation is an Delaware corporation doing substantial business in the State of Wisconsin and with a Wisconsin Registered Agent, Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin.

4. Defendant, ABC Insurance Company, is a foreign or domestic corporation. At all times pertinent to ABC Insurance Company provided a policy of liability insurance to the Defendant, Rust-Oleum Corporation, which insured them against liability for damages that arose from an occurrence such as occurred in this case. Plaintiffs at this time are not aware of the name of the Insurance Company that provided such coverage and hereby designates it by the fictitious name ABC until such time as its identity may become known.

5. Defendant Ball Corporation is a Indiana corporation doing substantial business in the State of Wisconsin and with a Wisconsin Registered Agent, CT Corporation System, located at 301 S. Bedford Street, Suite 1, Madison, Wisconsin.

6. Defendant, DEF Insurance Company, is a foreign or domestic corporation. At all times pertinent to DEF Insurance Company provided a policy of liability insurance to the Defendant, Ball Corporation, which insured them against liability for damages that arose from an occurrence such as occurred in this case. Plaintiffs at this time are not aware of the name of the

Insurance Company that provided such coverage and hereby designates it by the fictitious name DEF until such time as its identity may become known.

## SUBJECT MATTER JURISDICTION

7. The matter in controversy exceeds the value of $75,000, exclusive of costs and interest.

8. The parties to this action are citizens of different states.

9. The Plaintiffs, Daniel Duwe and Mary Duwe, are citizens of the State of Wisconsin residing at 1986 River Vista Drive, Mosinee, Wisconsin.

10. The Defendant, Rust-Oleum Corporation, is a foreign citizen of the State of Delaware and of the State of Illinois. Rust-Oleum is organized and incorporated under the laws of Delaware and has its principal place of business located at 11 Hawthorne Parkway, Vernon Hills, Illinois. Therefore, Defendant, Rust-Oleum Corporation is a citizen of foreign states.

11. The Defendant, Ball Corporation, is a foreign citizen of the State of Indiana and of the State of Colorado. Ball Corporation is organized and incorporated under the laws of Indiana and has its principal place of business located at 10 Longs Peak Drive, Broomfield, Colorado. Therefore, Defendant, Ball Corporation is a citizen of foreign states.

12. Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction.

## PERSONAL JURISDICTION

13. Defendant Rust-Oleum Corporation designed, manufactured, distributed, marketed, advertised, and sold Rust-Oleum Spray Paint, including the Gloss Protective Enamel spray paint can at issue in this case into the stream of commerce, including transactions directly conducted by and/or through Rust-Oleum facilities in Wisconsin or third-party distributors.

14. Defendant Rust-Oleum Corporation operates a facility located at 8105 95th Street in Pleasant Prairie, Wisconsin.

15. Defendant Rust-Oleum sells its products to the public through distributors such as Menards, Home-Depot, Lowe's, Hallman-Lindsay, Wal-Mart, Woodman's, and various other hardware stores. Rust-Oleum brands are available at more than 22 locations near the zip code of 54455, where the Plaintiff resides, and at least 20 more locations within the Western District.

16. Defendant Rust-Oleum marketed, advertised, and sold their products in the State of Wisconsin and knew during the manufacture and sale of its products that the spray paint can in question would be purchased and used by consumers in the Wisconsin market.

17. Defendant Rust-Oleum's contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

18. Additionally, and in the alternative, Defendant Rust-Oleum Corporation purposefully availed itself of the Wisconsin market, placed their products into the stream of commerce and conferring jurisdiction comports with the notions of fair play and substantial justice. Defendant Rust-Oleum Corporation's contacts with the State of Wisconsin are sufficient to support proper exercise of personal jurisdiction.

19. Defendant Ball Corporation designed, manufactured, distributed, marketed, advertised, and sold the spray paint can that was eventually branded as Rust-Oleum Spray Paint, including the Gloss Protective Enamel spray paint can at issue in this case into the stream of commerce, including transactions directly conducted by and/or through Rust-Oleum facilities in Wisconsin or third-party distributors.

20. Defendant Ball Corporation sells its products to the public through distributors such as Menards, Home-Depot, Lowe's, Hallman-Lindsay, Wal-Mart, Woodman's, and various

other hardware stores. Ball Corporation spray paint cans with the Rust-Oleum brand name are available at more than 22 locations near the zip code of 54455, where the Plaintiff resides, and at least 20 more locations within the Western District.

21. Defendant Ball Corporation marketed, advertised, and sold their products in the State of Wisconsin and knew during the manufacture and sale of its products that the spray paint can in question would be purchased and used by consumers in the Wisconsin market.

22. Defendant Ball Corporation's contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

23. Additionally, and in the alternative, Defendant Ball Corporation purposefully availed itself of the Wisconsin market, placed their products into the stream of commerce and conferring jurisdiction comports with the notions of fair play and substantial justice. Defendant Ball Corporation's contacts with the State of Wisconsin are sufficient to support proper exercise of personal jurisdiction.

**VENUE**

24. The incident which forms the basis of this complaint occurred in Marathon County, Wisconsin, which is in the Western District of Wisconsin.

25. The Rust-Oleum spray paint can at issue was sold by Rust-Oleum and Ball Corporation, first offered for sale, and purchased in the Western District of Wisconsin.

**GENERAL ALLEGATIONS**

26. On July 18, 2016, Daniel Duwe was using a 12oz. can of Rust-Oleum Gloss Protective Enamel spray paint at his home in Mosinee, Wisconsin, when the aerosol can exploded and struck him in the face.

27. Defendant Rust-Oleum Corporation designed, manufactured, marketed, advertised, and sold the subject Rust-Oleum Gloss Protective Enamel spray paint Daniel Duwe was using when it exploded.

28. Defendant Ball Corporation designed, manufactured, and sold the subject Rust-Oleum Gloss Protective Enamel spray paint Daniel Duwe was using when it exploded.

29. On the above date and time, the Rust-Oleum Gloss Protective Enamel spray paint can was defective and unreasonably dangerous.

30. As a result of the defects in the Rust-Oleum spray paint can, Daniel Duwe sustained personal injuries for which he claims damages in excess of $75,000.

31. As a result of the defects in the Rust-Oleum spray paint can, Mary Duwe was deprived of the services, society, and companionship of her husband, Daniel Duwe, resulting in damages in an unspecified amount to be determined at trial.

### FIRST CAUSE OF ACTION – STRICT LIABILITY
### RUST-OLEUM

32. Plaintiffs reallege and reincorporate paragraphs 1 through 31 herein.

33. The Rust-Oleum Gloss Protective Enamel spray paint can, which injured the Plaintiff, Daniel Duwe, was designed, manufactured, tested, marketed, advertised, distributed, and sold by Defendant, Rust-Oleum Corporation.

34. The Rust-Oleum Gloss Protective Enamel spray paint can was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of Defendant, Rust-Oleum Corporation.

35. At the time the Rust-Oleum Gloss Protective Enamel spray paint can, which injured Plaintiff, Daniel Duwe, was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers.

36. The Rust-Oleum Gloss Protective Enamel spray paint can reached the Plaintiff, Daniel Duwe, without substantial change in the condition in which it was sold.

37. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, Rust-Oleum Corporation, and the omission of the alternative design rendered the Rust-Oleum Gloss Protective Enamel spray paint can not reasonably safe.

38. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because it departed from its intended design.

39. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendant, Rust-Oleum Corporation, and the omission of the instructions or warnings rendered the Rust-Oleum Gloss Protective Enamel spray paint can not reasonably safe.

40. The unreasonably dangerous and defective condition of the Rust-Oleum Gloss Protective Enamel spray paint can was a substantial factor causing the injuries and damages sustained by Plaintiff, Daniel Duwe.

41. At the time the Rust-Oleum Gloss Protective Enamel spray paint can exploded, it was being used in a manner reasonably anticipated by the Defendant, Rust-Oleum Corporation.

42. As a result of the defects in the Rust-Oleum spray paint can, Plaintiff, Daniel Duwe sustained personal injuries for which he claims damages in excess of $75,000.

43. As a result of the defects in the Rust-Oleum spray paint can, Plaintiff, Mary Duwe was deprived of the services, society, and companionship of her husband, Daniel Duwe, resulting in damages in an unspecified amount to be determined at trial.

## SECOND CAUSE OF ACTION – NEGLIGENCE
## RUST-OLEUM

44. Plaintiffs reallege and reincorporate paragraphs 1 through 43 herein.

45. Defendant, Rust-Oleum Corporation, designed, manufactured, tested, marketed, distributed, and sold the Rust-Oleum Gloss Protective Enamel spray paint can in the ordinary course of business.

46. Defendant, Rust-Oleum Corporation, was negligent in the design, testing, manufacture, warnings, and sale of the Rust-Oleum Gloss Protective Enamel spray paint can, which injured Plaintiff, Daniel Duwe.

47. The negligence of Defendant, Rust-Oleum Corporation, was a substantial factor in causing Plaintiff, Daniel Duwe's serious, permanent, and disabling injuries.

48. At the time the Rust-Oleum Gloss Protective Enamel spray paint can exploded, it was being used in a manner reasonably anticipated by the Defendant, Rust-Oleum Corporation.

49. As a result of the negligence of Rust-Oleum Corporation, Plaintiff, Daniel Duwe sustained personal injuries for which he claims damages in excess of $75,000.

50. As a result of the negligence of Rust-Oleum Corporation, Plaintiff, Mary Duwe was deprived of the services, society, and companionship of her husband, Daniel Duwe, resulting in damages in an unspecified amount to be determined at trial.

## THIRD CAUSE OF ACTION – STRICT LIABILITY
## BALL CORPORATION

51. Plaintiffs reallege and reincorporate paragraphs 1 through 50 herein.

52. The Rust-Oleum Gloss Protective Enamel spray paint can, which injured the Plaintiff, Daniel Duwe, was designed, manufactured, tested, marketed, advertised, distributed, and sold by Defendant, Ball Corporation.

53. The Rust-Oleum Gloss Protective Enamel spray paint can was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of Defendant, Ball Corporation.

54. At the time the Rust-Oleum Gloss Protective Enamel spray paint can, which injured Plaintiff, Daniel Duwe, was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers.

55. The Rust-Oleum Gloss Protective Enamel spray paint can reached the Plaintiff, Daniel Duwe, without substantial change in the condition in which it was sold.

56. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, Ball Corporation, and the omission of the alternative design rendered the Rust-Oleum Gloss Protective Enamel spray paint can not reasonably safe.

57. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because it departed from its intended design.

58. The Rust-Oleum Gloss Protective Enamel spray paint can was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendant, Ball Corporation, and the omission of the instructions or warnings rendered the Rust-Oleum Gloss Protective Enamel spray paint can not reasonably safe.

59. The unreasonably dangerous and defective condition of the Rust-Oleum Gloss Protective Enamel spray paint can was a substantial factor causing the injuries and damages sustained by Plaintiff, Daniel Duwe.

60. At the time the Rust-Oleum Gloss Protective Enamel spray paint can exploded, it was being used in a manner reasonably anticipated by the Defendant, Ball Corporation.

61. As a result of the defects in the Rust-Oleum spray paint can, Plaintiff, Daniel Duwe sustained personal injuries for which he claims damages in excess of $75,000.

62. As a result of the defects in the Rust-Oleum spray paint can, Plaintiff, Mary Duwe was deprived of the services, society, and companionship of her husband, Daniel Duwe, resulting in damages in an unspecified amount to be determined at trial.

## FOURTH CAUSE OF ACTION – NEGLIGENCE
## BALL CORPORATION

63. Plaintiffs reallege and reincorporate paragraphs 1 through 62 herein.

64. Defendant, Ball Corporation, designed, manufactured, tested, marketed, distributed, and sold the Rust-Oleum Gloss Protective Enamel spray paint can in the ordinary course of business.

65. Defendant, Ball Corporation, was negligent in the design, testing, manufacture, warnings, and sale of the Rust-Oleum Gloss Protective Enamel spray paint can, which injured Plaintiff, Daniel Duwe.

66. The negligence of Defendant, Ball Corporation, was a substantial factor in causing Plaintiff, Daniel Duwe's serious, permanent, and disabling injuries.

67. At the time the Rust-Oleum Gloss Protective Enamel spray paint can exploded, it was being used in a manner reasonably anticipated by the Defendant, Ball Corporation.

68. As a result of the negligence of Ball Corporation, Plaintiff, Daniel Duwe sustained personal injuries for which he claims damages in excess of $75,000.

69. As a result of the negligence of Ball Corporation, Plaintiff, Mary Duwe was deprived of the services, society, and companionship of her husband, Daniel Duwe, resulting in damages in an unspecified amount to be determined at trial.

WHEREFORE, Plaintiffs, Daniel Duwe and Mary Duwe, demand judgment in their favor for damages against the defendants jointly and severally together with the taxable costs and disbursements incurred herein.

Dated at Milwaukee, Wisconsin this15th day of May, 2019.

                                          MURPHY & PRACHTHAUSER
                                          Attorneys for Plaintiffs, Daniel Duwe and
                                          Mary Duwe

                                          By: *electronically signed by Thadd J. Llaurado*
                                               Thadd J. Llaurado (#1000773)
                                               Michelle M. Hockers (#1095173)

**P. O. ADDRESS:**                          Keith R. Stachowiak (#1000050)
330 Kilbourn, Suite 1200
330 East Kilbourn Avenue
Milwaukee, WI  53202
(414) 271-1011
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com